**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HEATH RODRIGUEZ,** )<br>    **Plaintiff** )<br> )<br>        v. )<br> )<br>**PHYSICIAN ASSISTANT TAMMY** )<br>**MALLORY, et al.,** )<br>    **Defendants.** ) | **C.A. 05-350 Erie**<br>**District Judge McLaughlin**<br>**Magistrate Judge Baxter** |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss [Document # 12] be granted.

**II.    REPORT**

**A.    Relevant Procedural and Factual History**

On November 22, 2005, Plaintiff Heath Rodriguez, a prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), filed this civil rights action pursuant to 41 U.S.C. § 1983 against Defendants Tammy Mallory and Dan Telega, who are both Physician Assistants at SCI-Albion.

Plaintiff alleges that Defendants violated his Eighth Amendment rights by exhibiting deliberate indifference to his "serious medical condition which causes internal bleeding as well as blood discharge from his penis and severe abdominal pain." (Document # 3, Memorandum of Law, Section A, unnumbered paragraph 3). In particular, Plaintiff claims that Defendants "did not take any action to treat [him] after his July 30, 2005 arrival at SCI-Albion...," and that, as a result, he was advised by a neurologist that "he must undergo surgery to cure his medical condition which has progressively grown more serious as it has gone untreated by both defendants." (Document # 3, Memorandum of Law, Section A, unnumbered paragraph 9). Plaintiff contends further that he "continues to endure serious pain, he has not been prescribed

any medication whatsoever, and he continues to have internal bleeding and blood continues to discharge from his penis which has caused an infection." (Document # 3, Memorandum of Law, Section A, unnumbered paragraph 10).   As a result of these claims, Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (Document # 3, Complaint, Section VI).

Defendants have filed a motion to dismiss [Document # 12] asserting, inter alia, that Plaintiff has failed to fully exhaust his administrative remedies.  Plaintiff has not filed any response to Defendants' motion.  This matter is now ripe for consideration.

### B.     Standard of Review
#### 1.     Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974).  However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997).  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief

can be granted.  See Swierkiewicz.

### 2.     *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### C.     Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The requirements that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes.  Porter v. Nussle, 534 U.S. 516 (2002).  See also Concepcion v. Morton,

3

306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Thus, federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[1] A plaintiff need not affirmatively plead exhaustion, but exhaustion is an affirmative defense which is waived if not properly presented by a defendant. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the recent Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)).

The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis, 204 F.3d at 73 (by using language "no action shall be brought," Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

### 1.     The Procedural Default Component

The United States Court of Appeals for the Third Circuit has explicitly held that the exhaustion requirement of the PLRA includes a procedural default component, by analogizing it to the exhaustion doctrine (with its corollary procedural default component) in the habeas context. Spruill v. Gillis, 372 F.3d 218, 228-229 (3d Cir. June 18, 2004).[2] The Circuit

---

[1] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

[2] There is an emerging split of authority among the Circuits on this issue. Compare Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004), and Pozo v. McCaughtry, 286 F.3d 1022 (7th Cir. 2002), with Thomas v. Woolum, 337 F.3d 720 (6th Cir. 2003).

4

explained:

> We believe that Congress's policy objectives will be served by interpreting § 1997e(a)'s exhaustion requirement to include a procedural default component. Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits. Each of these goals is better served by interpreting § 1997e(a)'s exhaustion language to include a procedural default component than by interpreting it merely to require termination of all administrative grievance proceedings.

Id. Having concluded that the PLRA includes a procedural default component, the Court then indicated that "prison grievance procedures supply the yardstick for measuring procedural default." Id. at 231.

### 2.    Exhaustion and Procedural Default applied

No analysis of exhaustion may be made absent an understanding of the administrative process available to inmates. In order to exhaust all of the administrative remedies within the Pennsylvania Department of Correction's ("D.O.C.") grievance system, a grievance must be appealed through all administrative levels of appeal at the inmate's institution and the D.O.C. inmate-initiated grievances must follow the procedures set forth in Administrative Directive 804 ("DC-ADM 804"), which is included as part of the inmate handbook distributed to each inmate. The first step in the grievance process is for the inmate to file a claim with the institution's grievance officer. The grievance officer will investigate a grievance and provide the inmate with an Initial Review Response, which includes "a brief rationale, summarizing the conclusions and any action taken or recommended to resolve the issues raised in the grievance." DC-ADM 804 VI(B)(4). If the inmate is not satisfied with the Initial Review Response, there are two levels of appeal he must pursue to exhaust his claim: (1) an appeal within five days of his receipt of the Initial Review Response to the prison superintendent and, if the appeal is denied, (2) an appeal to the D.O.C. Secretary's Office of Inmate Grievances and Appeals ("D.O.C. Secretary"). DC-ADM 804 VI(C)(1).

     Defendants argue that Plaintiff never exhausted his administrative remedies in accordance with the PLRA's requirements, based upon Plaintiff's disclosure in his Complaint that he "filed a grievance relating to the instant complaint," the result of which was "unanswered/ no resolution." (Document # 3, Complaint, Section C).  Plaintiff has not made any claim that he fully exhausted the administrative remedy process, nor has he provided any evidence indicating that he did so prior to filing this case.  Once Defendants raise an exhaustion defense, the burden falls upon Plaintiff to prove that he did, in fact, exhaust his administrative remedies.  Plaintiff has failed to meet this burden by choosing not to respond to Defendants' motion to dismiss.  As a result, this Court is barred from hearing Plaintiff's claims.

### III    CONCLUSION

     For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss [Document # 12], should be granted.

     In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                           S/Susan Paradise Baxter  
                                           SUSAN PARADISE BAXTER  
                                           Chief U.S. Magistrate Judge

Dated: January 8, 2007

cc:    The Honorable Sean J. McLaughlin  
       United States District Judge